*In re* ESTATE OF VICTORIA GARBALINSKI, Deceased—(Walter Garbalinski *et al.*, Petitioners-Appellants, *v.* Florence Bolin, Ex'r of the Estate of Victoria Garbalinski, Respondent-Appellee).

First District (2nd Division)   No. 83—924

Opinion filed December 27, 1983.

Michael H. Rotman and Julie A. Zaugg, both of Rotman, Medansky & Elovitz, Ltd., of Chicago, for appellants.

Patrick J. Williams, of Law Offices of Terry A. Ekl, of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

The will of Victoria Garbalinski (decedent) was admitted to probate in July 1979. An action was brought by Walter Garbalinski and Angeline Sareney, her son and daughter (contestants) to set it aside. Florence Bolin, another daughter and executor of the estate (executor), sought to uphold the will. A motion for summary judgment was granted in favor of the executor. Contestants' subsequent motion to reconsider was denied, from which order this appeal is taken.

The issues raised on appeal include whether: (1) the existence of a genuine issue of material fact precluded summary judgment; and (2) the circuit court abused its discretion in denying the motion to reconsider.

Decedent's will was admitted to probate in July 1979. The same month and year contestants filed their petition to set it aside. The petition itself is not included in the record; however, it is uncontradicted that the principal averment contained in the petition is decedent lacked testamentary capacity at the time of the will's execution because she "was not of sound mind and memory but by reason of extreme age was mentally incapacitated from making a will [*sic*] or a proper distribution of her property."

To the executor's motion for summary judgment was attached a notice to produce and the reply to it. No affidavits were submitted in support of the motion. The notice to produce requested statements of persons having knowledge of the issues of the case, other data and medical reports relating to decedent's mental capacity; names of expert witnesses and individuals with knowledge of her mental capacity; and, correspondence and documents intended to be used at trial. Contestants' reply to the notice gave the names of expert witnesses, but answered "no statement exists" or "none exist" to the other requests. Contestants filed a response to the motion for summary judgment, with no attachments, which denied allegations made in the summary judgment motion that no medical reports, other data, diagnoses or correspondence existed or were relied upon as bases for the petition to set aside the will, claiming that the contestants will rely upon "oral evidence at trial of a number of witnesses, whose names were supplied" in contestants' answer to the notice to produce. The executor filed a reply attaching copies of the transcript of the testimony of the witnesses to the will and an uncertified copy of two pages of excerpts of testimony from the attorney who prepared the will, both in support of decedent's sound mind. No affidavits or any other documents were filed. Based on the aforementioned documentation, the circuit court found no genuine issue of material fact and granted the

motion for summary judgment.

Contestants thereafter filed a motion to reconsider the summary judgment, attaching a list of 61 documents and an affidavit of executor's former attorney in this matter. The pertinent parts of the list included dates of checks, and their amounts; dates of correspondence between executor, contestants and decedent; and, dates of physicians' statements. The affidavit included statements that: (1) the executor's former attorney had received from contestants' attorney numerous letters written by decedent as well as medical reports and doctors' statements; (2) upon his withdrawal as attorney for the executor, he surrendered some of the documents to the executor herself while retaining the remainder; and (3) he has never been contacted by any other attorney for the executor regarding the existence of the statements. No other documents were included in the motion to reconsider. The executor filed no reply to the motion.

Arguments of counsel on the motion to reconsider revealed that: the executor's present attorney is the fifth attorney to represent her in this case; 61 exhibits were supplied to a former attorney during a deposition in 1981; in replying to the executor's present attorney's motion to produce, contestants' counsel reviewed his notes, realized 61 documents had already been produced and dictated to his secretary that he had "no other" documents although she typed "none exist" in the reply to the motion; contestants' counsel did not supply documents to the present attorney assuming that the former attorney would have forwarded them to his successor, but admittedly failed to communicate to contestants' co-counsel the existence of the documents previously supplied to the former attorney; contestants' co-counsel had a folder of 150 documents, including the 61 which were copied and given to executor's former attorney; and executor's present attorney first became aware of the documents when presented with contestants' motion to reconsider. The circuit court denied the motion to reconsider.

I

Contestants contend that the summary judgment was based upon the executor's allegation that no medical reports, data, diagnosis, memorandum or correspondence exist, yet the existence of those documents was shown to the court, and that their existence raises a genuine issue of material fact. The executor maintains that the absent documents had always been in contestants' possession and were available when the summary judgment motion was presented. She claims

that had contestants deemed the documents relevant to the issue presented in the motion, they should have filed them. The executor notes that the lower court specifically inquired as to additional documents other than those presented and contestants answered there was nothing more to be presented. She also asserts that contestants failed to support their position with any offer of proof and failed to raise any evidentiary facts.

Summary judgment is properly granted when pleadings, depositions, admissions and affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005; *Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 442 N.E.2d 648; *Marquette National Bank v. Heritage Pullman Bank & Trust Co.* (1982), 109 Ill. App. 3d 532, 440 N.E.2d 1033.) Although a party is not required to prove his case at summary judgment, some facts must be presented to support the elements of its claim. (*Technical Representatives, Inc. v. Richardson-Merrell, Inc.* (1982), 107 Ill. App. 3d 830, 438 N.E.2d 599; *Prince v. Wolf* (1981), 93 Ill. App. 3d 505, 417 N.E.2d 679.) If the party moving for summary judgment supplies evidentiary facts which, if uncontradicted, would entitle him to judgment, the opposing party cannot rely upon his complaint or answer alone to raise issues of material fact. *Burks Drywall, Inc. v. Washington Bank & Trust Co.*

In her motion for summary judgment, the executor claimed that there was no genuine issue of material fact regarding decedent's testamentary capacity because the answer to her request for production of documents failed to provide any evidence to support contestants' claim.

■■ Contestants argue that the uncontradicted pleadings alone presented a question of fact, since the executor filed no affidavits with her summary judgment motion; however, attached to the executor's reply were transcripts of testimony of witnesses to the will and excerpts from the deposition of the attorney who prepared the will in which they stated they believed decedent was of sound mind at the time of the will's execution. Contestants' response to the motion for summary judgment included *no facts* to support their claim, appearing to rely upon their proposed experts' testimony to be produced at trial, whose names had been set forth in response to the executor's notice. Therefore, although the executor's motion for summary judgment failed to include documentation in support of her motion, her reply did so. Contestants were thereafter otherwise obligated to identify any issue of fact and could not rely upon their petition to set aside

the will or their response to the summary judgment motion alone to do so. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Burks Drywall, Inc. v. Washington Bank & Trust Co.*) Summary judgment was properly granted under this posture of the case.

## II

Contestants claim the circuit court abused its discretion by failing to consider the list of documents and an affidavit attached to their motion to reconsider summary judgment, because the additional information had not been brought to the court's attention previously due to a failure of communication between counsel and co-counsel. They assert that they had also made known the names of four expert witnesses who would be called upon by contestants to show decedent's testamentary incapacity. The executor maintains that in the interest of finality, a court is not required to consider affidavits filed after the hearing and judgment, yet the court here allowed contestants to file the list of documents and affidavit after judgment, and properly denied the motion to reconsider on the grounds of failure to establish a genuine issue of material fact. She contends that a list of documents without reference to competent factual proof of their contents does not give rise to a factual basis supporting contestants' claim.

A court has discretion to allow affidavits to be filed after a motion for summary judgment has been decided. (*Des Plaines Motor Sales, Inc. v. Whetzal* (1965), 58 Ill. App. 2d 143, 148, 206 N.E.2d 806; *Schierer v. Ameritex Division, United Merchants & Manufacturers, Inc.* (1980), 81 Ill. App. 3d 90, 95, 400 N.E.2d 1072.) In considering such new information, the court must apply the same standards employed when the motion was considered for the first time, and determine the presence or absence of a genuine issue of material fact. (*Burks Drywall, Inc. v. Washington Bank & Trust Co.*) Although the list of documents and affidavit submitted by contestants on their motion to reconsider do not set forth any facts regarding the decedent's testamentary capacity, contestants' counsel advised the court in argument that "*** certain of the exhibits are the doctors' statements that state that *** [decedent] was totally unable to comprehend what she was doing at a time before the will was drawn. There are many letters from *** [the executor] to *** [contestants] stating that 'Mom doesn't know what the hell she's doing.' " The affidavit submitted in support of the motion to reconsider the summary judgment contained sworn statements of one of executor's previous attorneys who averred that contestants' counsel turned over to him copies of letters from ex-

ecutor to her brother, one of the contestants, medical reports and numerous doctors' statements in compliance with all discovery requests made by executor. Thus, executor and her attorney knew of the documents in early 1982, about one year before summary judgment was granted.

Facts cannot be found in documents when the documents themselves or an attestation as to their contents have not been presented to the court. Under ordinary circumstances, the opposing party has the burden to raise in proper form an issue of material fact supporting his claim. (*Plastics & Equipment Sales Co. v. DeSoto, Inc.* (1980), 91 Ill. App. 3d 1011, 415 N.E.2d 492; *Burks Drywall, Inc. v. Washington Bank & Trust Co.*) There is no reason why contestants here could not have filed depositions of persons connected with the documents or copies of the documents themselves authenticated in accordance with Supreme Court Rule 191 (87 Ill. 2d R. 191). Nevertheless, the moving party is not entitled to summary judgment unless the motion has established the right to that judgment as a matter of law (*Ohio Oil Co. v. Yacktman* (1976), 36 Ill. App. 3d 255, 343 N.E.2d 544; *Fryison v. McGee* (1982), 106 Ill. App. 3d 537, 436 N.E.2d 12), free from doubt and clear beyond question. *Patel v. Burke* (1981), 102 Ill. App. 3d 554, 430 N.E.2d 162; *Lawrence v. Rubio* (1980), 85 Ill. App. 3d 472, 406 N.E.2d 946.

■ The relationship of an executor or administrator to an estate is fiduciary in character. (*In re Estate of Knoes* (1983), 114 Ill. App. 3d 257, 264, 448 N.E.2d 935; *In re Estate of Kuhn* (1967), 87 Ill. App. 2d 411, 419, 231 N.E.2d 97.) Although executor here knew of and possessed copies of the documents questioning decedent's mental capacity to make a will, she persisted in her claim that no documents existed which raised a material issue of fact as to decedent's competency to make a will in her motion for summary judgment and in argument opposing the motion for reconsideration of the judgment. Of course, an executor has the duty to defend a proceeding in which the will is being contested, as here. (Ill. Rev. Stat. 1981, ch. 110½, par. 8—1(e).) That duty becomes limited, however, in those instances in which the executor knows of reasonable grounds to believe that the will may be invalid. (See *In re Estate of Lipchik* (1975), 27 Ill. App. 3d 331, 336, 326 N.E.2d 464; *In re Estate of James* (1956), 10 Ill. App. 2d 232, 134 N.E.2d 638.) As a fiduciary to persons having an interest in the estate, the executor is bound to the highest standard of fair dealing and diligence. (*Nonnast v. Northern Trust Co.* (1940), 374 Ill. 248, 261, 29 N.E.2d 251; *In re Estate of Storer* (1971), 131 Ill. App. 2d 1049, 1054, 269 N.E.2d 352.) In the present case, executor

did not fulfill that standard in her representation to the court that such documents did not exist when she knew that they did, even though contestants' attorneys negligently or otherwise failed to make them available to the court in appropriate form.

It is highly commendable to dispose of litigation with celerity and dispatch; however, more important is that justice be done. (*Greer v. Checker Taxi Co.* (1973), 10 Ill. App. 3d 814, 817, 295 N.E.2d 71.) Under the circumstances of this case, it cannot be said that executor's right to summary judgment was free from doubt or that executor was entitled to judgment as a matter of law. The order denying the motion to reconsider is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

DOWNING, P.J., and PERLIN, J., concur.