CONRAD HARRIS, Plaintiff-Appellant, *v.* BETHLEHEM STEEL CORPORATION *et al.*, Defendants-Appellees.

First District (5th Division)   No. 83—1269

Opinion filed April 13, 1984.—Modified on denial of rehearing June 15, 1984.

William J. Harte, Ltd., and Herbert F. Stride, Ltd., both of Chicago, for appellant.

George W. Gessler and Barbara A. Frick, both of Rooks, Pitts, Fullagar and Poust, of Chicago, for appellees.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court which granted the motions for summary judgment of defendants Bethlehem Steel Corporation and Industrial Sling Company. Defendant Northern Engineering Corporation is not a party to this appeal. Plaintiff contends that the trial court erred in entering summary judgment against him because expert testimony cannot provide a basis for overcoming the sufficiency of allegations in the complaint. Plaintiff also argues that the expert's opinion in the instant case did not eliminate all genuine issues of material fact set up by the complaint. For the reasons which follow, we affirm in part and reverse and remand in part.

Count I of plaintiff's unverified second amended complaint alleged that defendants manufactured and distributed cable to plaintiff's employer and that the cable was used on a crane to hold a metal block weighing between 400 and 500 pounds. Plaintiff alleged that the cable was designed and intended for this use and that the cable broke and severed, causing him personal injury. Count I of the second amended complaint sought recovery under a strict products liability theory, alleging in paragraph 7 three alternative factual bases for recovery. These were that the cable was defective at the time that it left the defendants' possession and control in: (a) failing to support a load well within its capacity; (b) failing to carry such a load due to lack of metallurgic integrity; and (c) failing to withstand normal wear and tear in normal use so as to support a load well within its capacity. The defendants filed separate answers denying the material allegations of the second amended complaint.

Defendants' motions for summary judgment set forth that the expert retained by plaintiff to inspect and study the wire rope testified in a discovery deposition that the cable was not defective and that, in his opinion, the accident was not caused by any improper or defective condition of that product. The motion included the deposition of Sheldon Mostovoy, which disclosed the following. He is an associate professor of metallurgical and materials engineering at the Illinois Institute Technology, and he examined several sections from the failed as well as the intact portions of the cable. His examination revealed that the wires comprising the cable contained ductible overload or tensile failures but no brittle failures. He stated that these failures were caused by "gross overload" rather than by metallurgical defects

such as nicks, seams, gouges, or wires rolled in laps. Such defects could have caused a brittle failure, which Mostovoy characterized as a "snapping" type of failure characteristic of improperly manufactured cable. He indicated that the tensile failures which he found in the cable were caused by the deformation of the component wires under stress and their subsequent failure to assume their original shape. This caused a narrowing or "necking" of the wires which in turn diminished their strength leading to the break in the cable. Although Mostovoy stated that he found nothing to indicate that the manufacturer of the cable was responsible for the failure, he also noted that he had no knowledge of the specific physical properties of the specific wires. He stated "[f]or an example, if that wire was made from an improperly heat treated or improperly manufactured wire, then those tensile overloads might have come at loads that would be substantially below the ones that are claimed for that wire. And so I would have had to have done additional tests to verify that. I did not do them." Mostovoy stated that additional testing would not change his opinion that the failure of the cable was due to an overload rather than a "defect" in the cable.

Plaintiff produced no documents or other depositions to contradict Mostovoy's statements. The trial court entered summary judgment for defendants, and plaintiff has appealed.

OPINION

The rules governing summary judgments are well settled. "A defendant may, at any time, move with or without supporting affidavits for a summary judgment in his or her favor as to all or any part of the relief sought against him or her." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005(b).) Further, "[t]he judgment sought shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005(c); see also *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 586-87, 272 N.E.2d 497.) Discovery depositions may be used in the context of summary judgment proceedings " 'for any purpose for which an affidavit may be used.' (See 87 Ill. 2d R. 212(a)(4); see also *Sierens v. Clausen* (1975), 60 Ill. 2d 585, 328 N.E.2d 559; *Moreno v. Joe Perillo Pontiac, Inc.* (1983), 112 Ill. App. 3d 670, 676, 445 N.E.2d 1184.)" *In re Estate of Myers* (1983), 120 Ill. App. 3d 726, 731, 458 N.E.2d 1102.

Plaintiff asserts that summary judgment cannot be based on the

opinion of an expert witness adduced at a deposition. Plaintiff notes correctly that a jury is not bound to accept the opinion of an expert on an ultimate issue. (*Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, 122, 273 N.E.2d 809.) From this rule plaintiff further posits that because the jury need not accept the opinion of the expert, that opinion is too inconclusive to form the predicate for a summary judgment. Defendants reply that the courts have affirmed summary judgments entered on the basis of the depositions of experts. (See, *e.g., Wooding v. L & J Press Corp.* (1981), 99 Ill. App. 3d 382, 425 N.E.2d 1055; *Conrad v. Christ Community Hospital* (1979), 77 Ill. App. 3d 337, 395 N.E.2d 1158; *Coleman v. Verson Allsteel Press Co.* (1978), 64 Ill. App. 3d 974, 382 N.E.2d 36.) In our view this is entirely proper. Although a jury is not bound to accept the testimony of an expert witness (*Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118), the issue in summary judgment cases is not whether a jury would accept or reject the statement of the affiant or deponent but rather whether that statement is contradicted so as to create a genuine issue of material fact.

■ In the area of medical malpractice the uncontradicted affidavit of an expert witness is generally sufficient to support entry of summary judgment. (*Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 327, 431 N.E.2d 48; see also *Buck v. Alton Memorial Hospital* (1980), 86 Ill. App. 3d 347, 359-68, 407 N.E.2d 1067 (Harrison, J., dissenting).) Of course, in medical malpractice cases, with few exceptions, the use of expert testimony is required in order to prove the standard of care which the defendant doctor must meet. (*Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 326, 431 N.E.2d 48.) Plaintiff has offered no reason to distinguish between a case in which expert testimony would be required at trial with respect to an issue of fact and a case in which such testimony is merely permitted. Plaintiff has not argued that Mostovoy, whom plaintiff engaged as an expert, would be incompetent to testify as to his opinion at a trial of this matter. Accordingly, we hold that the trial court could properly consider Mostovoy's expert opinion in ruling on the motion for summary judgment.

■ ■ It is elementary that the issues are raised initially by the complaint and answer and that on a motion for summary judgment a party cannot rely on his pleading in the face of contradictory affidavits. (See *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380-81, 313 N.E.2d 457.) In determining whether there exists a genuine issue of material fact, the court considers the entire record and construes the evidence strictly against the moving party and liberally in favor of the opponent. (*Spancrete of Illinois, Inc. v. Brickman*

(1979), 69 Ill. App. 3d 571, 576, 388 N.E.2d 47.) If the party moving for summary judgment supplies evidentiary facts which, if uncontradicted, would entitle him to judgment, the opposing party cannot rely on his pleadings alone to raise issues of material fact. (*In re Estate of Garbalinski* (1983), 120 Ill. App. 3d 767, 770, 458 N.E.2d 1065.) Nonetheless, even though the party opposing the motion fails to file counteraffidavits, the movant should not be awarded summary judgment unless the affidavits establish the right to a judgment as a matter of law. (*Spancrete of Illinois, Inc. v. Brickman* (1979), 69 Ill. App. 3d 571, 576, 388 N.E.2d 47.) Thus, the consequence of failing to file counteraffidavits is that the statements in the affidavits supporting the motion stand as admitted. (*Yusuf v. Village of Villa Park* (1983), 120 Ill. App. 3d 533, 541, 458 N.E.2d 575.) It therefore follows that the statements in the affidavits relied upon as justifying summary judgment must avoid the theories of recovery set forth by the complaint.

Plaintiff contends that in the instant case Mostovoy's deposition testimony, although uncontradicted, nevertheless does not entitle defendants to judgment. The question before us thus becomes whether the second amended complaint and the answer thereto created any issues of material fact which were not addressed by the uncontradicted statements in the deposition.

■ Our review of the record indicates that Mostovoy's opinion that the cable in question contained no "defects" rebutted the allegation in subparagraph (b) of paragraph 7 that the cable lacked metallurgical integrity. Accordingly, plaintiff could not rely on his complaint to create a genuine issue of material fact but was obliged to present some factual basis that would arguably entitle him to a judgment upon the applicable law. (*Yusuf v. Village of Villa Park* (1983), 120 Ill. App. 3d 533, 540, 458 N.E.2d 575.) Because plaintiff failed to present a sufficiently contradictory factual basis by affidavit, deposition or other suitable method, summary judgment was properly entered for defendant on this allegation. See *Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 327, 431 N.E.2d 48.

■ The expert also testified that the failure of the cable was due to "gross overload" which could have occurred at loads "substantially below" those claimed for the cable. Construing the deposition strictly against the movant and liberally in favor of the opponent, as indeed we must (*Spancrete of Illinois, Inc. v. Brickman* (1979), 69 Ill. App. 3d 571, 576, 388 N.E.2d 47; *Heller v. Sullivan* (1978), 57 Ill. App. 3d 190, 194, 372 N.E.2d 1036), it is apparent that Mostovoy's conclusion that the cable was not "defective" was not tantamount to a conclu-

sion that the cable was not in fact defective within the common meaning of that term, but only that the cable was relatively free from nicks, gouges, and laps in its infrastructure, which would be the result of improper manufacture. Mostovoy's deposition indicated that these are not the only *indicia* of improper manufacture and that subsequent testing would be required to determine the cause of the tensile failure. Mostovoy stated that this could have been caused by improper manufacture. Where the facts admit of more than one conclusion, including a conclusion unfavorable to the movant, such facts cannot support summary judgment. (*Martin v. American Legion Post No. 784* (1978), 66 Ill. App. 3d 116, 118, 383 N.E.2d 672.) Thus, the allegation of subparagraph (a) of paragraph 7 in the complaint that the cable failed to support a load well within its capacity was not contradicted by the expert's opinion. Similarly, the allegation in subparagraph (c) of paragraph 7 that the cable was unable to withstand normal wear and tear was not addressed by the expert's deposition testimony. "The purpose of a summary judgment proceeding is not to try an issue of fact but rather to determine whether there is an issue of fact to be tried [citations], and since the party opposing the motion has the right to trial by jury if there is a genuine issue of fact, the motion should be granted only when the right to it is clear and free from doubt." (*Beverly Bank v. Alsip Bank* (1982), 106 Ill. App. 3d 1012, 1016, 436 N.E.2d 598.) Summary judgment was not appropriate for these two issues because genuine issues of material fact existed concerning them. Ill. Rev. Stat. 1981, ch. 110, par. 2—1005(c).

Defendants argue that summary judgment was properly entered by the trial court because the expert indicated that further testing would not change his opinion. The expert did state that further testing would not change his opinion, but it is clear from the record that by this statement he meant that further testing would not convince him that the cable severed due to a brittle failure rather than a tensile failure. Mostovoy did not indicate that a tensile failure could not be caused by improper manufacture and indeed he stated the opposite to be true. Construing the deposition against the movant (see *Heller v. Sullivan* (1978), 57 Ill. App. 3d 190, 194, 372 N.E.2d 1036), we conclude that the trial court erred in allowing the motion for summary judgment with regard to the two issues indicated.

■ Defendants contend that our holding conflicts with the holdings of *Coleman v. Verson Allsteel Press Co.* (1978), 64 Ill. App. 3d 974, 382 N.E.2d 36 and *Mateika v. La Salle Thermogas Co.* (1981), 94 Ill. App. 3d 506, 418 N.E.2d 503. Defendants mischaracterize these cases as placing the burden upon the opponent of a summary judg-

ment motion to "come forward with *facts, proof,* supporting *all* of the allegations of the complaint." (Final emphasis added.) In *Coleman* the defendant filed a motion for summary judgment based on an expert's written opinion which concluded that the cause of the plaintiff's injury was a third party's substitution of control panels on the product. The court held that the plaintiff, who had not filed any affidavits indicating any other reasonably dangerous condition that had existed at the time the press left the defendant's control, could not avoid summary judgment. The court did not hold, as defendants vigorously maintain, that summary judgments might be entered where uncontradicted facts do not refute all of the theories raised by the complaint. In *Coleman*, the preemptive nature of the defense set forth by the expert's opinion, *i.e.*, that the defective condition arose after the press left the defendant's control, made it incumbent upon plaintiff to introduce some factual support for a conclusion that defendant might be liable to plaintiff. Similarly, in *Mateika,* plaintiff failed to produce any support for his contention that a defective condition existed in the propane tank at the time that it left defendants' control.

As this court has indicated, it is the *ratio decidendi* of a case which forms the basis for application of principles of *stare decisis.* (*Panchinsin v. Enterprise Cos.* (1983), 117 Ill. App. 3d 441, 444, 453 N.E.2d 797.) " 'A judicial opinion, like a judgment, must be read as applicable only to the facts involved and is an authority only for what is actually decided.' (*People ex rel. Schuler v. Chapman* (1939), 370 Ill. 430, 435, 19 N.E.2d 351, 354.)" (*Community Renewal Society v. Department of Labor* (1982), 108 Ill. App. 3d 773, 79, 439 N.E.2d 975.) The cases relied upon by defendants are distinguishable in that the uncontradicted facts in the instant case, namely, the absence of gouges, nicks, laps, or brittle failures, do not eliminate the viability of plaintiff's two remaining factual theories of recovery. Thus, our holding does not, as defendants have suggested, do violence to the holdings in *Coleman* and *Mateika.*

For the foregoing reasons, the order granting summary judgment is affirmed as to the issue of liability predicated on subparagraph (b) of paragraph 7 of count I of the second amended complaint, and is reversed as to the issues of liability predicated on subparagraphs (a) and (c) thereof. The case is remanded to the trial court for further proceedings consistent herewith.

Affirmed in part; reversed and remanded in part.

LORENZ, J., concurs.