*In re* ESTATE OF FRANCES HEATER, Deceased (James C. Heater, as Adm'r of the Estate of Frances Heater, Deceased, Petitioner-Appellee, v. The Department of Public Aid, Respondent-Appellant).

Fourth District No. 4—94—0169

Opinion filed September 15, 1994.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Barbara L. Greenspan, Special Assistant Attorney General, of counsel), for appellant.

Randall W. Segatto, of Barber, Segatto, Hoffee & Hines, of Springfield, for appellee.

JUSTICE LUND delivered the opinion of the court:

The case before us is one of first impression. Frances Heater died intestate on December 20, 1992. She was survived by her brother, petitioner James Heater, as her only heir. Her sister, Earlene Kiely, predeceased Frances on November 11, 1992, leaving her an inheritance valued at approximately $40,000. Prior to her death, Frances had received medical assistance from respondent, the Illinois Department of Public Aid (Department). The Department filed a claim in her estate totaling $20,766.68. It appears from the record that this was the only claim filed against the estate.

Petitioner was appointed administrator of Frances' estate on January 29, 1993. He filed a petition for leave to disclaim, in which he sought authority to disclaim Frances' inheritance from her sister. There was no other asset in the estate from which to pay claims. The circuit court approved the petition and, subsequently, denied the Department's motion to vacate that order. Neither order entered by the court made any findings or otherwise explained the court's decision, nor is there any transcript in the record on appeal indicating that hearings were held on this matter. The Department now appeals. We reverse.

■ Petitioner was allowed to disclaim under section 2—7 of the Probate Act of 1975 (Act), which provides, in pertinent part, as follows:

"Disclaimer. (a) Right to Disclaim Interest in Property. A person to whom any property or interest therein passes, by whatever means, may disclaim the property or interest in whole or in part by delivering or filing a written disclaimer as hereinafter provided. A disclaimer may be of a fractional share or undivided interest, a specifically identifiable asset, portion or amount, any limited interest or estate or any property or interest derived through right of survivorship. A power (as defined in 'An Act Concerning Termination of Powers', approved May 25, 1943, as amended) with respect to property shall be deemed to be an interest in such property.

The representative of a decedent or ward may disclaim on behalf of the decedent or ward with leave of court. The court may approve the disclaimer by a representative of a decedent if it finds that the disclaimer benefits the estate as a whole and those interested in the estate generally even if the disclaimer alters the distribution of the property, part or interest disclaimed. The court may approve the disclaimer by a representative of a ward if it finds that it benefits those interested in the estate generally and is not materially detrimental to the interests of the ward. A disclaimer by a representative of a decedent or ward may be made

without leave of court if a will or other instrument signed by the decedent or ward designating the representative specifically authorizes the representative to disclaim without court approval." 755 ILCS 5/2—7 (West 1992).

■ While conceding that disclaimer may avoid claims of creditors (see *Tompkins State Bank v. Niles* (1989), 127 Ill. 2d 209, 227-28, 537 N.E.2d 274, 282-83), the Department urges this court to find that public aid claims are entitled to special consideration. This argument is based upon a presumed public policy against artificial impoverishment of public aid recipients. Such arguments are irrelevant here. For purposes of the disclaimer statute, the State is a creditor just like any other creditor, and it is entitled to no special treatment. Had Frances Heater sought to disclaim her inheritance from her sister during her lifetime, it is unquestioned that she would have had the right to do so. Disclaimer relates back to the moment the gift is made and, once a disclaimer is made, the gift remains in the original owner as if it had never been made. (*People v. Flanagin* (1928), 331 Ill. 203, 208, 162 N.E. 848, 850.) The Department argues that any such disclaimer by Frances would have made her ineligible for Medicaid and the administrator of her estate should not be allowed to do what she could not have done. This argument has no statutory or case law support. Rather, our decision here is grounded upon the Act itself.

We recognize that a beneficiary may disclaim in situations where a representative of a decedent's estate may not be allowed to disclaim. In doing so, the beneficiary may avoid his or her creditors, and the beneficiary's decision in making the disclaimer is not subject to question. Similarly, a testator may, in a will, authorize his or her executor to disclaim without court approval. In the exercise of such a power, claims of creditors may be avoided. However, these issues are not before us. The legislature has determined that a representative of a decedent's estate, where not authorized by the decedent, must obtain court approval prior to any disclaimer. In doing so, the court may approve the disclaimer only if it finds the disclaimer would benefit the estate as a whole and those interested in the estate generally.

■ There is no doubt that creditors are included in the definition of those interested in the estate for purposes of the disclaimer statute. (See 755 ILCS 5/1—2.11 (West 1992).) The Act recognizes the status of creditors in other sections as well. For example, creditors may obtain issuance of letters of administration. (755 ILCS 5/9—3 (West 1992).) They are entitled to payment of their claims in certain priorities. (755 ILCS 5/18—10, 18—13 (West 1992).) During the period of administration, the estate of the decedent is chargeable with legacies, expenses of administration, taxes, and claims. (755 ILCS

5/18—14 (West 1992).) Every representative of an estate has a statutory duty to file an account of his or her administration. (755 ILCS 5/24—1 (West 1992).) Notice of hearing on accounts is to be given, as the court directs, to unpaid creditors and all other interested persons. (755 ILCS 5/24—2 (West 1992).) The purpose of accounting is to evidence the compliance of personal representatives with their duties to heirs, beneficiaries, and creditors. *In re Estate of Thomson* (1986), 139 Ill. App. 3d 930, 936, 487 N.E.2d 1193, 1197-98.

A personal representative has a fiduciary relationship to those interested in an estate and is bound to the highest standard of fair dealing and diligence. (*In re Estate of Garbalinski* (1983), 120 Ill. App. 3d 767, 772, 458 N.E.2d 1065, 1069.) Given the protection of creditors' interests by the Act, it would be anomalous to allow a disclaimer by a personal representative which would, in effect, render the estate insolvent and completely deprive the creditor of any payment on its debt.

The right to disclaim was first recognized in Illinois in *Flanagin* as a legitimate mechanism to avoid inheritance taxes. There, contingent beneficiaries under a decedent's will sought to disclaim their inheritance, thereby avoiding a rather substantial inheritance tax. The county court assessed the tax, despite the disclaimer, and the executor appealed. In reversing, the supreme court noted the law is clear that a legatee or devisee is under no obligation to accept a testamentary gift. The renunciation relates back to the moment when the gift was made, so that the estate does not vest but remains in the original owner. Such a renunciation is not a voluntary conveyance and is not subject to attack by creditors. Since the inheritance tax required a transfer of property, it may not be assessed in cases of disclaimer where no transfer had been made. The fact that the motive was to avoid taxes was irrelevant, since tax avoidance is not illegal. The beneficiaries were not required to accept a gift so that the State could collect a tax on it. *Flanagin*, 331 Ill. at 211-12, 162 N.E. at 851.

Since *Flanagin*, it has been recognized that exercise of the right of disclaimer by a beneficiary may also avoid claims of creditors. (See *Tompkins*, 127 Ill. 2d at 221, 537 N.E.2d at 279 (and cases cited therein).) However, these cases involved disclaimer by a beneficiary of an inheritance. The status of beneficiary does not impose any fiduciary duties to creditors, unlike the situation with a personal representative of an estate.

■ The record in the instant case illustrates the interest of creditors was not considered, only the benefit to the sole heir. Under these circumstances, it was an abuse of discretion for the circuit court to

allow the disclaimer. In so ruling, we again recognize that the early purpose of disclaimers in estates was to avoid what could be called double taxation.

For the reasons stated, the order of the circuit court allowing petitioner leave to disclaim is reversed.

Reversed.

McCULLOUGH, P.J., and COOK, J., concur.