James P. **JOHNSON**, as Equity Receiver for the Chilcott Futures Fund, Plaintiff,

v.

Alan R. **MILLER** and Alan R. Miller, P.C., Defendants.

Civ. A. No. 84–K–961.

United States District Court, D. Colorado.

Oct. 12, 1984.

Kenneth C. Groves, Denver, Colo., Rodney R. Patula, Elaine A. Menter, Friedrick C. Haines, Pryor, Carney & Johnson, P.C., Englewood, Colo., for plaintiff.

Gary E. Parish, R. Daniel Scheid, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This case arises out of the illicit financial activities conducted by Thomas D. Chilcott from the mid-1970's through June 1981. Many of Chilcott's investment schemes were conducted through an entity called Chilcott Futures Fund. The plaintiff, Johnson, now represents the fund. Chilcott's activities relating to the fund have been detailed in several opinions in related cases and need not be repeated here. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Management, Inc.*, No. 81–F–99, Slip Op. (D.Colo. August 30, 1982) (Finesilver, J.), *aff'd in part and rev'd in part*, 713 F.2d 1477 (10th Cir.1983); *Johnson v. Chilcott*, 590 F.Supp. 204 (D.Colo. 1984) (Carrigan, J.); *Niagra Fire Insurance v. Johnson*, No. 84–A–746, Slip Op. (D.Colo. August 2, 1984) (Arraj, J.).

Johnson's claims arise out of alleged negligence, legal malpractice and breach of fiduciary duty committed by Miller and his firm during 1980 and 1981 in the representation of the Chilcott Futures Fund and its predecessor in interest. Johnson was appointed receiver for the Chilcott Futures Fund by Chief Judge Finesilver in the course of his presiding over the primary suit involving the activities of Chilcott. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Management Inc.*, No. 81–F–999, Slip Op's. (D.Colo. June 25, 1981 and March 29, 1982).

The case is now before me on defendants' motion to dismiss pursuant to Rule 12(b) Fed.R.Civ.P. Miller argues that the case should be dismissed because of the absence of subject matter jurisdiction and standing on the part of Johnson and for failure to state a claim upon which relief can be granted. Alternatively, Miller seeks a more definite statement of the specific acts of conduct upon which Johnson's claims rest.

## JURISDICTION

The claims asserted here are all based upon state law. There are no federal issues to confer jurisdiction upon this court. If the case were tried before Chief Judge Finesilver, jurisdiction could be ancillary to the principal suit in which the receiver was appointed. There are, however, no federal claims before me upon which jurisdiction can be pegged. The appointment of an equity receiver in one federal court does not necessarily imbue that receiver with jurisdiction to pursue all actions in other federal courts. A federal court's jurisdiction is not general but is specifically circumscribed by the dictates of the Constitution and the Congress. *See generally United States v. Franklin National Bank,* 512 F.2d 245 (2d Cir.1975). I do not retain jurisdiction based upon 28 U.S.C. § 1331 or ancillary to jurisdiction in other courts.

I do, however, retain jurisdiction over this suit because of the diversity of citizenship of the parties and the amount in controversy exceeding ten thousand dollars. 28 U.S.C. § 1332. Miller is a citizen of Michigan and Johnson is a citizen of Colorado. Case law clearly provides that the citizenship of the equity receiver governs for determining diversity jurisdiction. *See Federal Deposit Ins. Corp. v. Sumner Financial Corp.,* 602 F.2d 670, 677 n. 10 (5th Cir.1979).

## STANDING

Standing to assert a claim in this, or any other, federal court is constrained by constitutional and prudential dictates to insure that federal courts do not exceed their proper limited role in a democratic society. In this way issues presented before federal courts are sharply defined for judicial resolution. Courts will not intrude into the province of another branch of government. *See generally Warth v. Seldin,* 422 U.S. 490, 498–502, 95 S.Ct. 2197, 2204–07, 45 L.Ed.2d 343 (1975). While standing does not depend upon the merits of the plaintiff's case, "it often turns on the nature and source of the claim asserted." *Id.* 422 U.S. at 500, 95 S.Ct. at 2206. As with other motions to dismiss, with a motion to dismiss for lack of standing I must accept as true all the material allegations of the complaint and construe that complaint in favor of the plaintiff. If necessary, however, I may require the plaintiff to supply further particularized allegations of fact which support his claim of standing.[1] *Id.* at 501–502, 95 S.Ct. at 2206–2207.

The Tenth Circuit has examined Johnson's standing in review of Chief Judge Finesilver's order staying all other suits against various securities brokerage firms also being sued by the receiver. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477 (10th Cir.1983). The court of appeals held that Johnson had standing to seek the injunctive orders in that action, but might not have standing to pursue other ancillary suits such as this. The court left such factual inquiry to the discretion of the trial judge. The court thus stated:

> In sum, we sustain the rulings of the District Court that, on the initial showing by the pleadings and exhibits, the Receiver had the capacity to bring the Receiver's action and was the proper real party in interest to bring that suit. We do not, however, reach or decide the standing

---

1. Defendants have requested that this matter be set for oral argument and that a magistrate be appointed for the purpose of determining whether an evidentiary hearing on the matters herein would be appropriate. The parties have extensively briefed all of the issues and I find that oral argument would not add to the deliniation of the issues. Because the standard for review of standing issues set in *Warth v. Seldin,* 422 U.S. at 501–02, 95 S.Ct. at 2206–07, requires that the complaint be construed in favor of the plaintiff, I find that a hearing to evaluate the evidence would be superfluous. The Supreme Court did recognize that it might at times be appropriate to,

> require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing.

*Id.* at 501, 95 S.Ct. at 2206. As I have noted, however, the plaintiffs allegations sufficiently allege facts to support a finding that he has standing.

question, with its special considerations, which was not decided by the District Court. That question will remain for consideration by Judge Carrigan in the Receiver's action and by other Judges presiding in other suits brought by the Receiver.[2] ... [I]n those actions brought by the Receiver, if evidence produced does not support the capacity to sue and the real party in interest rulings, they may be redetermined in those actions.

*Id.* at 1483.

The court of appeals delimited the factual inquiry concerning standing to two questions: does the receiver have the capacity to initiate this action and is the receiver the real party in interest to maintain the suit. The first question requires an examination of whether the Chilcott Futures Fund which Johnson represents ever legally existed as an entity capable of bringing suit and whether the claims asserted by the Fund are really those of the Fund or those of investors properly asserted by the investors individually on their own behalf.

■ I find that the Chilcott Futures Fund is an entity capable of bringing this lawsuit. My inquiry does not start from a *tabula rasa.* The Tenth Circuit examined both aspects of the first standing question and I must follow the dictates of the court of appeals unless the facts in this case materially differ from the case involving the stay. There are no material differences. Although the claims herein are asserted under state rather than federal law, I find no basis to differ with the Tenth Circuit's judgment that the Chilcott Futures Fund was "an unincorporated association which may sue for the purpose of enforcing for itself substantive rights...." *Id.* at 1482. Alternatively, the Tenth Circuit held that the Chilcott Futures Fund was a commodity pool cognizable as a separate legal entity. *Id.* This interpretation

could also apply here. Moreover, interpreting the facts in the light most favorable to Johnson, the Fund can be viewed as a partnership under Colorado law.

As to the second attribute of the receiver's capacity to bring this suit, Miller argues that Johnson is really asserting claims of investors, not of the fund, which would preclude Johnson's standing under *Caplin v. Marine Midland Grace Trust Co.,* 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972). Judge Carrigan dismissed Johnson's claims of fraud under the Commodity Exchange Act and the Securities Exchange Act of 1934 based upon the logic of *Caplin.* Judge Carrigan held that while the alleged actions may show a fraud upon individual investors such actions did not show damage to the Fund. If anything Chilcott's fraudulent activities benefited the Fund. Thus under *Caplin,* the Fund was not an entity damaged by Chilcott's fraudulent behavior. The Fund was thus without standing to assert the fraud claims. *See Johnson v. Chilcott,* 590 F.Supp. 204 at pp. 207–210 (D.Colo.1984) (Carrigan, J.).

■ Judge Carrigan did, however, recognize that under *Caplin,* the receiver could still assert claims which belong to the Fund as a corporate entity and not to individual investors. *Id.* at p. 210. Here, as in the case before the court of appeals, the allegations suggest wrongs committed against the Fund as an entity distinct from individual investors. *Commodity Futures Trading Comm'n,* 713 F.2d at 1482. Johnson alleges damages to the Fund arising out of Miller's improper behavior in his representation of the Fund. This case does not deal with the legal representation of individual investors. Thus, the Fund is, in this context, an entity distinct from investors and capable of bringing suit in this court.

---

**2.** Judge Carrigan was faced with standing questions similar to those herein in *Johnson v. Chilcott,* Case No. 82–C–889. Without conducting separate evidentiary hearings, he dismissed some of the claims for lack of standing by an order dated July 10, 1984. On other issues of standing he held evidentiary hearings and an order is pending. Defendants argue that Judge Carrigan's ruling following the evidentiary hearings might have collateral estoppel effect. This argument is premature.

■ Examination of the second question in the standing inquiry requires analysis different from that undertaken by the court of appeals. Resolution of this question depends upon the particular facts underlying the claims. Nevertheless, I find that the plaintiff is a real party in interest who possesses standing. Miller argues that he represented only Chilcott and not the Fund. Thus, Miller asserts that he owed no duty to the Fund and any claims for malpractice could be asserted only by Chilcott. Miller points to the letter which he sent to Chilcott acknowledging his retainer as evidence of his exclusive representation of Chilcott. Yet, under Colorado law a contract creating an attorney client relationship between Miller and the Fund need not be express but can be implied from the conduct of the parties. *See People v. Razatos*, 636 P.2d 666, 671 (Colo. 1981), *appeal dismissed*, 455 U.S. 930, 102 S.Ct. 1415, 71 L.Ed.2d 639 (1982). Johnson argues that Chilcott's testimony in a deposition and Miller's own billing format indicate that Miller represented both Chilcott and the Fund. *See* Plaintiff's Memorandum in Opposition to Motion to Dismiss or, in the Alternative, for More Definite Statement, filed August 1, 1984, exhibit 6 at pp. 104–5 and exhibit 4. Evaluating the facts in the light most favorable to the plaintiff, I find that Miller did represent the Fund. Thus the Fund through Johnson is a real party in interest with standing.

## MOTION FOR SUMMARY JUDGMENT

■ Although Miller argues that Johnson's claim should be dismissed for failure to state a claim upon which relief can be granted, both parties rely upon factual information outside the pleadings. The motion will be treated as one for summary judgment and disposed of pursuant to Rule 56, Fed.R.Civ.P. As with the determination of standing, pleadings and factual inferences tending to show issues of material fact should be viewed in the light most favorable to the party opposing summary judgment. Unless the moving party can demonstrate its entitlement beyond a reasonable doubt, summary judgment must be denied. *See Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir.1980).

As grounds for his motion for summary judgment, Miller argues that he owed no duty as an attorney to the Fund, that his actions did not proximately cause any loss to the Fund, and that damages are so speculative as to preclude judgment. As discussed above, Johnson has adequately demonstrated that Miller was acting as attorney for the Fund so as to overcome the motion for summary judgment. The other elements of the motion for summary judgment require further elaboration.

■ Miller argues that any dissipation of Fund assets were caused by the actions of Chilcott and did not in any way involve Miller's legal representation. Thus, Miller claims that Chilcott's actions were superseding causes of the Fund's injuries. As an attorney, Miller's duty to his client may have entailed anticipating Chilcott's illicit plans and giving the Fund adequate warnings of Chilcott's actions or structuring the legal activities of the Fund in such a way as to prevent Chilcott's actions from dissipating the Fund's resources. Miller fails to demonstrate that his actions were free from causing the plaintiff's loss so as to sustain a motion for summary judgment. *See Ekberg v. Greene*, 196 Colo. 494, 588 P.2d 375, 377 (1978); *Bonhiver v. Graff*, 311 Minn. 111, 248 N.W.2d 291, 301–04 (1976); *Central Alarm of Tucson v. Ganem*, 116 Ariz. 74, 567 P.2d 1203, 1206 (1977); W. Prosser, Handbook of the Law of Torts, § 44 at pp. 274–75 (4th Ed.1971).

■ Finally, Miller argues that the damages in this case are so speculative as to preclude recovery. The case authority relied upon by Miller does not stand for this proposition. *See Lee v. Durango Music Co.*, 144 Colo. 270, 278, 355 P.2d 1083, 1087 (1960); *Carriage Bags, Ltd. v. Aerolinas Argentinas*, 521 F.Supp. 1363, 1367 (D.Colo.1981). Rather, Colorado law provides that uncertainty as to the amount of damages does not bar recovery so long as the existence of damage is factually established. *See Peterson v. Colorado Potato*

*Flake & Mfg. Co.*, 164 Colo. 304, 435 P.2d 237, 239 (1967); *Great West Food Packers v. Longmont Foods Co.*, 636 P.2d 1331, 1333 (Colo.App.1981).

## MORE DEFINITE STATEMENT

██ In the alternative, Miller argues that the plaintiff need plead allegations of duty, breach and resulting damages with particularity. In support of this motion for a more definite statement he alludes to the Rule 9(b) Fed.R.Civ.P. requirement that fraud be pled with particularity. Miller cites no authority in support of this proposition. Miller gives no reason to abandon the general rule of notice pleading. Plaintiff alleges no fraud or other special matter within the ambit of Rule 9. Defendants, in fact, argue that "there are no allegations of fraud or malice ... in the Complaint." Memorandum Brief in Support of Motion to Dismiss or For a More Particular Statement, filed July 17, 1984 at p. 10. There is no basis to support defendants' motion for a more particular statement.

IT IS THEREFORE ORDERED that:

1. Defendants' motion to dismiss for lack of subject matter jurisdiction is denied;

2. Defendants' motion to dismiss for lack of standing is denied;

3. Defendants' motion to dismiss for failure to state a claim upon which relief can be granted or motion for summary judgment is denied;

4. Defendants' motion for a more particular statement is denied;

5. The stay on discovery is withdrawn; and

6. Defendants shall have fifteen (15) days from the date of this order in which to file an answer.