Steven S. SCHOLES, as Receiver,
et al., Plaintiffs,

v.

STONE, McGUIRE & BENJAMIN,
et al., Defendants.

No. 90 C 7201.

United States District Court,
N.D. Illinois, E.D.

May 12, 1993.

Gary L. Prior, Paul J. Kozacky, Richard Lawton Sandler, Mary B. Tribby, McDermott, Will & Emery, P.C., Chicago, IL, for plaintiff Steven S. Scholes.

Gary L. Prior, Paul J. Kozacky, McDermott, Will & Emery, P.C., Jerrold E. Salzman, Phillip Leon Stern, Sherman Paul Marek, Robert P. Scales, Freeman, Freeman & Salzman, P.C., Chicago, IL, for plaintiffs John and Pamela Lavinka.

Howard Michael Pearl, Philip L. Harris, Dan K. Webb, Catherine W. Joyce, Donald Joseph Mizerk, Marie A. Lona, Winston & Strawn, Daniel J. Pope, Seyfarth, Shaw,

Fairweather & Geraldson, Chicago, IL, Richard Harney Donohue, Karen Kies DeGrand, Donald J. Hayden, Jane M. McFetridge, Baker & McKenzie, Chicago, IL, for defendants Stone, McGuire & Benjamin, Howard L. Stone, Michael L. Siegel, Rosenthal and Schanfield, P.C., William P. Rosenthal and Leslie J. Weiss.

Jeannette Lisa Lewis, U.S.S.E.C., Chicago, IL, for S.E.C.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

At issue is defendants Rosenthal and Schanfield, P.C.'s, Leslie J. Weiss's and William P. Rosenthal's ("Rosenthal Defendants") Motion for Summary Judgment on Counts V and VI of the Amendment To Complaint filed by the Receiver, Steven S. Scholes ("Scholes").[1] For the reasons stated below, defendants' motion is denied.

### I. FACTS

The facts in this case are complex and well known to this Court. *See Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181 (N.D.Ill.1992) (class plaintiffs' motion for certification); *Scholes v. Stone, McGuire & Benjamin,* 786 F.Supp. 1385 (N.D.Ill.1992) (defendants' motions to dismiss); *Scholes v. Tomlinson, et al.,* No. 90 C 1350 (N.D.Ill. July 29, 1991) (upholding appointment of the Receiver in these related actions). Therefore, for the purposes of this motion we will discuss only those facts which are relevant to our decision.

Steven S. Scholes ("Scholes") was originally appointed by this Court to represent D & S Trading Group, Ltd., Analytic Trading Systems, Inc., Analytic Trading Service, Inc. and Market Systems, Inc. (hereinafter referred to as the "Receivership Entities"). These entities were established by Michael Douglas in furtherance of what was a continuing scheme to lure investors into investing their money in what were supposed to be legitimate limited partnerships.

Michael Douglas, however, had unlawful intentions. Through a series of lies and concealment, he was successful in inducing investors to invest large sums of their money in these entities. Additionally, through a series of restructuring deals, he made it appear to the public that his entities were legitimate business operations when in fact they were solely vehicles through which he was able to perpetrate massive fraud. After luring investors into investing their money into these entities, Douglas used this money both to fund his lavish lifestyle and to pay earlier investors what were falsely represented as profits on their investments. This was a classic Ponzi scheme. According to Plaintiff's Amendment To Complaint, by the time the Securities and Exchange Commission ("SEC") shut down all of Douglas' operations, the public had invested over $30 million with Douglas and the Receivership Entities. Currently, the net loss to the Receivership Entities and the investors exceeds $24,000,000.

The Rosenthal Defendants consist of attorneys and an Illinois professional corporation engaged in the practice of law who performed substantial legal work for Douglas and the Receivership Entities. It is Plaintiff's allegation that this legal work substantially furthered the fraud and misappropriation that gave rise to the original SEC Action. As such, Count V of the Amendment To Complaint asserts a claim for legal malpractice/negligence and asks for damages consisting of:

(1) the amounts paid by each of the members of the plaintiff class to purchase securities; and

---

1. It should be noted that the defendants originally moved for summary judgment on Counts V, VI, VIII and IX, and simultaneously requested an accounting of all legal fees approved by the Court in *SEC v. Douglas,* No. 89 C 8407 ("the SEC Action"). This Court denied that motion when it was presented. Defendants then filed a Motion to Reconsider, in which they withdrew their request for an accounting. At the hearing on that motion, defendants also withdrew their summary judgment motion as to Counts VIII and IX. On August 19, 1992, this Court entered an Order requiring the Receiver to brief its opposition to the summary judgment motion regarding Counts V and VI only.

(2) the amount of the funds of D & S, AT Systems, and AT Service that was illegally appropriated or otherwise wasted by Douglas.

Amendment To Complaint, at pp. 29–30, ¶ 105. Count VI of the Amendment To Complaint asserts a claim for breach of fiduciary duty and seeks identical damages as in Count V. Amendment To Complaint, at p. 30, ¶ 110. Furthermore, in its Memorandum in Opposition to the present motion, the Receiver asserts that the damages suffered by the Receivership Entities also include

the liabilities defendants caused the estates to incur to trade creditors and others, in addition to the entities' liabilities to the investors.... In addition, [the Receivership Entities incurred damages consisting of] the Class 3 claims [which] are claims of neither investors nor trade creditors.

Receiver's Memorandum in Opposition, at pp. 6–7.

In support of their summary judgment motion, the Rosenthal Defendants argue that Scholes, as receiver for the Douglas entities, has no standing to bring this suit because this Court on July 26, 1991 ordered that Scholes could not represent those who had invested in the entities, nor could he recover for losses that the investors had suffered. The Rosenthal Defendants argue that this is exactly what Scholes is attempting to do in pursuing this action because the only damages alleged by Scholes are those suffered by the investors, not by the entities in receivership. Defendant's Memorandum in Support, at p. 2. The Defendants further assert that the Receivership Entities could under no circumstance claim damages, because the relevant allegations in the Amendment To Complaint repeatedly assert that the Receivership Entities were set up solely as Michael Douglas' fraudulent vehicles. Defendant's Memorandum in Support, at p. 2. Thus, the sole issue before the court is whether or not the Receiver has alleged damages suffered by the Receivership Entities as distinct from damages suffered by the individual investors.

## II. STANDARD OF REVIEW

■ Guidance in deciding the present motion is provided by Rule 56(c) of the Federal Rules of Civil Procedure. Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Only factual disputes that could have an effect on the outcome of the suit should prevent the entry of summary judgment. Factual disputes that are irrelevant or unnecessary have no bearing on a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Furthermore, where the evidence is such that no reasonable trier of fact could find for the non-moving party, there is no genuine issue for trial and summary judgment must be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1985). In considering a motion for summary judgment, the burden is on the moving party to show the absence of any issue as to a material fact and all inferences are to be drawn in the non-moving party's favor. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). However, the moving party has discharged its burden once it has shown that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Guided by this standard, we now review the facts.

## III. DISCUSSION

■ It is a well-known legal principle that a receiver can bring only those claims belonging to the entity it represents and cannot bring claims on behalf of third parties. *Caplin v. Marine Midland Grace Trust Co.,* 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972). While Scholes claims here to be suing on behalf of the Receivership Entities, which he must, the only damages alleged are losses of the funds invested in the entities and increased liabilities to trade creditors and others. Amendment To Complaint, at pp. 29–30; Response to Motion for Summary Judgment, at pp. 6–7. While,

as the Receiver states, the law is clear that receivers in general have standing to assert state law claims on behalf of entities in receivership, such claims must involve damages which actually belong to the entities, rather than to the investors. *Johnson v. Chilcott,* 590 F.Supp. 204, 208 (D.Colo.1984). This, of course, is the crux of the claims presented and requires some discussion. If the funds deposited by the investors into the Receivership Entities became funds belonging to the entities, then a claim of legal malpractice or breach of fiduciary duty resulting in the loss of those funds would sufficiently allege damage to the entities. However, if the funds never actually belonged to the entities or the entities were never otherwise entitled to these funds, the entities could not have been damaged by their wrongful dissipation. Merely because the assets which were lost are labelled "investor funds", however, and originally came from investors does not settle the issue, which defendants seem to argue. The parties cite various case law in support of their positions.

First, the situation at bar is legally distinct from the situation in *Johnson v. Miller,* 596 F.Supp. 768 (D.Colo.1984), on which Scholes relies. *Johnson,* which was decided under Colorado law, arose out of the illegal financial activities conducted by Thomas D. Chilcott ("Chilcott"). Chilcott conducted most of his investment schemes through an entity known as the Chilcott Futures Fund. The plaintiff, Johnson, was appointed receiver for the Fund, and brought suit against defendant Miller, an attorney, and his law firm for their representation of the Chilcott Futures Fund. Johnson's claims alleged negligence, legal malpractice and breach of fiduciary duty against the defendants in their representation of the Fund. The defendant moved to dismiss arguing, in part, that the receiver's alleged damages were too speculative to warrant any recovery.[2] As here, the defendant attorney argued that the receiver was really asserting claims of the investors and not of the Fund.

The *Johnson* court decided that the wrongs the receiver alleged were committed against the Fund as an entity distinct from the individual investors, and therefore the receiver had standing to assert the claims. *Johnson,* 596 F.Supp. at 772. However, in support of the motion, the defendant attorney argued that he represented only Chilcott and not the Fund itself, and therefore owed no duty to the receivership entity. As such, the defendant did not argue that the Fund itself did not incur damages distinct from the investors' damages. The central issue before the court, then, was whether the defendant owed a duty to the entity or to the investors or both. The court determined that the defendant owed a duty to both Chilcott and the Fund. The court also found that the alleged damages were not too speculative and on these grounds denied summary judgment for the defendant. *Johnson,* 596 F.Supp. at 773. Thus, the court did not decide, because neither party argued, that the damages alleged were exclusively those of the investors.

A similar situation is set forth in *Holland v. Arthur Andersen & Co.,* 212 Ill.App.3d 645, 156 Ill.Dec. 797, 571 N.E.2d 777 (1st Dist.1991), relied on by Scholes, and is similarly inapposite. In *Holland,* a trustee for a bankrupt holding company brought suit against the company's accountants alleging that misleading financial statements and unqualified opinions by the defendant accounting firm had damaged the company. In an answer to an Interrogatory, the plaintiff receiver conceded that the only damages he asserted were damages of the creditors of the entity in receivership and that he failed to specify any damages suffered by the entities. As such, the court granted summary judgment for the defendant. Thus, this case does not speak to the issue of whether dissipation of funds contributed for partnership interests damaged the partnership entities or the investors in those entities.

Lastly, Scholes' reliance on *FDIC v. O'Melveney & Meyers,* 969 F.2d 744 (9th Cir.1992) and *Wooten v. Loshbough,* 951 F.2d 768 (7th Cir.1991) is misplaced. Neither of

---

**2.** While the defendants in *Johnson v. Miller* moved to dismiss, the court treated the motion as one for summary judgment because both parties relied on factual information outside of the pleadings. *Johnson,* 596 F.Supp. at 773.

537

these cases speaks directly to the issue at bar. First, the Ninth Circuit reversed the district court's grant of summary judgment in *FDIC v. O'Melveney & Meyers* because it found a genuine dispute of material fact as to whether the defendant law firm had discharged its duty of care to its client. Furthermore, it should be noted that in *O'Melveney*, there was no discussion as to why the lower court actually granted summary judgment—contrary to the Plaintiff's assertion that the lower court granted summary judgment based on the receiver's lack of standing. *See* Plaintiff's Memorandum in Opposition, at p. 9. Additionally, *Wooten* is inapposite because that case involved priority rankings in bankruptcy and has no relevance to the case at bar.

However, of the above cited cases, both *Johnson* and *O'Melveney* may provide some guidance to the court. Without actually deciding this issue, the *O'Melveney* court noted that "[i]f [the receiver] is successful in this case, the appropriate measure of damages would be the out of pocket costs to the client properly attributable to the fraudulent transactions." *O'Melveney*, 969 F.2d at 752. Having been directed to no clearly applicable case law on the issue, this lends the court some guidance in this case. Furthermore, although the *Johnson* defendant did not argue that no damage to the entity was alleged, the court assumed that some damages had been sufficiently alleged by the receiver plaintiff. The court thus denied the defendant's motion for summary judgment because:

> Colorado law provides that uncertainty as to the amount of damages does not bar recovery so long as the *existence* of damage is factually established.

*Johnson*, 596 F.Supp. at 773 (emphasis added). Although the court did not elaborate on the existence of damages, it assumed that, under circumstances very similar to the instant case, at least some damages had been alleged by the entity in receivership.

Based on the foregoing and the Receiver's claims of damages, we find that a genuine issue of material fact exists as to the damages sustained by the Receivership Entities as a result of the actions of the defen-dants alleged in Counts V and VI of the Receiver's Amendment To Complaint. Once invested in the purported partnership entities, the entities had some claim to the investor funds. Partnerships arise as a result of the intent of the parties. *See Sajdak v. Sajdak*, 586 N.E.2d 716, 720–21, 166 Ill.Dec. 758, 224 Ill.App.3d 481, 487 (1st Dist.1992). Here, the parties intended to form and invest in limited partnerships. Douglas' subsequent fraud does not negate the existence of the entities. Thus, any wrongful actions of the defendants resulting in the loss of the funds invested in the Receivership Entities damaged the entities to the extent the loss is attributable to the wrongful acts. Merely because the losses alleged include funds contributed by the investors does not negate this fact. Therefore, defendants' Motion for Summary Judgment is denied.