ARTHUR J. KOMATER, Plaintiff-Appellant, v. KENTON COURT ASSOCI-ATES *et al.*, Defendants-Appellees.

Second District   No. 2—86—0390

Opinion filed December 31, 1986.—Rehearing denied February 9, 1987.

634

Thomas W. Gooch III and Kim A. Lewis, both of Thomas W. Gooch & Associates, Ltd., of Wauconda, for appellant.

Louis W. Brydges, Jr., and John C. Polster, both of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, Arthur Komater, appeals from a summary judgment entered in favor of defendant, Kenton Court Associates, contending the trial court erred in granting summary judgment because defendant's unverified motion for that relief was not supported by affidavit.

On January 11, 1984, plaintiff filed a complaint for breach of contract against defendant alleging in count I that on April 1, 1982, plaintiff entered into an oral contract with defendant to furnish carpentry and labor services for defendant's construction project for the sum of $481,000. By January 12, 1983, plaintiff had completed $276,000 worth of work on the project, but defendant had only paid plaintiff $140,000 despite plaintiff's repeated demands, and he sought damages of $136,000 and interest. Count II of the complaint alleged that on April 1, 1982, plaintiff also entered into an oral contract with defendant to furnish general construction supervision for the project for $96,000. By January 12, 1983, plaintiff had completed $76,000 worth of supervisory work on the project, but defendant had only paid $37,800, and plaintiff sought damages of $38,200 and interest.

On November 27, 1985, defendant submitted interrogatories to plaintiff, whose answers were filed on January 21, 1986. Defendant's interrogatory No. 2 stated:

"2. State the exact nature and terms of the alleged agreement between Plaintiff and the Kenton Court Associates reaffirming to in the complaint, the date the agreement was reached, who else was present, whether there was any writing contained or referred to in the terms of the agreement, and whether the agreement was subsequently modified, rescinded or altered in

any manner."

Plaintiff's answer stated:

"ANSWER: On or about April 1, 1982, Plaintiff made an oral contract with Kenton Court Associates through one of its General Partners, Jerroll L. Iseberg, by which Plaintiff agreed to furnish General carpentry services, miscellaneous labor services and supervision for a certain construction project being build by the Defendants, specifically 5311 North Kenmore, Chicago, Illinois. Present at that meeting were Arthur J. Komater, Carol Komater, and Jerroll L. Iseberg. There is no writing containing or referring to the terms of the agreement, investigation continues."

On February 19, 1986, defendant filed an unverified motion for summary judgment alleging that plaintiff's answer to the interrogatory did not set forth a legally enforceable contract because it failed to state the existence of a writing of the agreement, a price, the term, a specific subject matter or a time for payment or performance, and was otherwise so vague that the additional terms necessary to make the contract enforceable were not reasonably inferable from the answer. On March 12, 1986, plaintiff filed a verified response to defendant's motion, which incorporated his verified complaint by reference, and alleged that "Plaintiff did not interpret the interrogatory question as requiring that he set forth each and every term of the agreement particularly in view of the fact that discovery is ongoing." Plaintiff's response did not set forth any of the missing contract terms.

On March 17, 1986, the trial court found that plaintiff's answer to the interrogatory was insufficient to support a cause of action for breach of contract and as plaintiff had failed to offer an appropriate affidavit or response to the motion for summary judgment, it was granted. This appeal followed.

Plaintiff's sole contention on appeal is that defendant's unverified motion for summary judgment was not supported by facts in affidavit form and plaintiff's complaint alone was therefore sufficient to raise genuine issues of material fact.

■ We first note that Supreme Court Rule 191(a) (87 Ill. 2d R. 191(a)) only requires that an affidavit in support of or in opposition to a motion for summary judgment be based on the personal knowledge of the affiant; it does not impose a requirement that a motion for summary judgment be similarly verified. Defendant's motion for summary judgment does not, therefore, fail merely because it was not verified.

■■■ Summary judgment is properly granted only where there is no genuine issue of material fact (*Thompson v. Webb* (1985), 138 Ill. App. 3d 629, 631, 486 N.E.2d 326; *Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 5, 475 N.E.2d 549, appeal denied (1985), 106 Ill. 2d 554), and this is to be determined from the pleadings, depositions, affidavits, and admissions on file in each case (*Heman v. Jefferson* (1985), 136 Ill. App. 3d 745, 752, 483 N.E.2d 537; *In re Estate of Myers* (1983), 120 Ill. App. 3d 726, 730-31, 458 N.E.2d 1102, appeal denied (1984), 101 Ill. 2d 546). Summary judgment is to be granted only where the evidence, when construed most strongly against the moving party, establishes clearly and with no doubt his right thereto. *Rambert v. Advance Construction Co.* (1985), 134 Ill. App. 3d 155, 157-58, 479 N.E.2d 1007, appeal denied (1985), 108 Ill. 2d 586; *Becovic v. Harris Trust & Savings Bank* (1984), 128 Ill. App. 3d 107, 113, 469 N.E.2d 1379.

■■■ Where the movant supplies well-pleaded facts in an affidavit in support of summary judgment which, if not contradicted, would entitle him to judgment, the opposing party cannot rely upon his complaint or answer alone to raise issues of material fact. (*In re Estate of Garbalinski* (1983), 120 Ill. App. 3d 767, 770, 458 N.E.2d 1065; *Deltak, Inc. v. Schwartz* (1983), 119 Ill. App. 3d 119, 121-22, 456 N.E.2d 187; *Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 575, 442 N.E.2d 648.) That is, the consequence of failing to file a counteraffidavit is that any statements and affidavits supporting the motion for summary judgment stand as admitted. (*Kellerman v. Mar-Rue Realty & Builders, Inc.* (1985), 132 Ill. App. 3d 300, 306, 476 N.E.2d 1259; *Harris v. Bethlehem Steel Corp.* (1984), 124 Ill. App. 3d 449, 454, 464 N.E.2d 634, appeal denied (1984), 101 Ill. 2d 565; *Sauers v. City of Woodstock* (1983), 113 Ill. App. 3d 892, 901, 446 N.E.2d 896.) However, even where the party opposing the motion fails to file counteraffidavits, the movant is not entitled to summary judgment unless his motion and supporting affidavits establish his right to judgment as a matter of law. (*Session v. Chartrand Equipment Co.* (1985), 133 Ill. App. 3d 719, 723, 479 N.E.2d 376, appeal denied (1985), 108 Ill. 2d 589; *Marquette National Bank v. Heritage Pullman Bank & Trust Co.* (1982), 109 Ill. App. 3d 532, 535, 440 N.E.2d 1033.) Where the movant, as in this case, fails to provide evidentiary facts to support his motion for summary judgment, the opposing party may rely upon his complaint or answer to establish triable issues of fact. *Smith v. St. Therese Hospital* (1982), 106 Ill. App. 3d 268, 270, 435 N.E.2d 939; *Cato v. Thompson* (1980), 83 Ill. App. 3d 321, 323, 403 N.E.2d 1239.

■ In resolving the present issue, we must first determine whether plaintiff's answer to defendant's interrogatory may be treated as an affidavit. Supreme Court Rule 213(f) (103 Ill. 2d R. 213(f)) states that "[a]nswers to interrogatories may be used in evidence to the same extent as a discovery deposition" and Supreme Court Rule 212(a)(4) (87 Ill. 2d R. 212(a)(4)) states that discovery depositions may be used "for any purpose for which an affidavit may be used." It follows that an answer to an interrogatory may be treated as an affidavit for purposes of a motion for summary judgment. See *Sierens v. Clausen* (1975), 60 Ill. 2d 585, 588, 328 N.E.2d 559; *In re Estate of Myers* (1983), 120 Ill. App. 3d 726, 731, 458 N.E.2d 1102, *appeal denied* (1984), 101 Ill. 2d 546; *Moreno v. Joe Perillo Pontiac, Inc.* (1983), 112 Ill. App. 3d 670, 676, 445 N.E.2d 1184, *appeal denied* (1983), 93 Ill. 2d 543.

In the present case, plaintiff's answer to defendant's interrogatory stated that there was an oral contract between the parties for carpentry services and supervision, but failed to specify the price, the term of the contract, or a time of payment or performance. Defendant argues, and we agree, that plaintiff's answer thus failed to set forth sufficient facts to establish a legally enforceable contract.

■ ■ However, a movant for summary judgment cannot prevail by simply pointing out the deficiencies of an answer to an interrogatory submitted by his opponent, but must set forth well-pleaded facts in his motion and supporting affidavits which clearly establish his right to judgment as a matter of law. Plaintiff's answer to the interrogatory, which defendant submitted as equivalent to an affidavit in support of his motion for summary judgment, did not affirmatively set forth well-pleaded evidentiary facts which support defendant's motion; it merely failed to allege sufficient facts to establish an enforceable contract. Even though plaintiff's failure to file a counteraffidavit caused the facts contained in plaintiff's answer to the interrogatory to stand as admitted for purposes of the motion for summary judgment, those facts did not serve to establish defendant's right to judgment as a matter of law. As plaintiff's complaint, standing alone, was sufficient to establish triable issues of fact, the trial court erred in granting summary judgment in favor of defendant.

Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

DUNN and REINHARD, JJ., concur.