ESTATE OF JAMES O. HENDERSON, Deceased, by Susan K. Henderson, Ex'x, Plaintiff-Appellant, v. W.R. GRACE COMPANY *et al.*, Defendants-Appellees.

Third District   No. 3—88—0527

Opinion filed July 6, 1989.

524

Harold N. O'Hara, of Peoria, and Elliff, Keyser, Oberle & Davies, P.C., of Pekin (Burt L. Dancey, of counsel), for appellant.

Thomas R. Davis, of Davis & Morgan, of Peoria (Bret S. Babcock and Karen Kendall, of counsel), for appellee W.R. Grace Company.

Karen L. Kendall, David R. Sinn, Roger R. Clayton, and Christopher P. Larson, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellees United States Gypsum Company and Owens-Corning Fiberglass Corporation.

JUSTICE SCOTT delivered the opinion of the court:

Plaintiff-appellant, the estate of James O. Henderson, by Susan K. Henderson, executrix (Plaintiff), pursuant to Supreme Court Rule 303(a) (107 Ill. 2d R. 303(a)) appeals from a decision and judgments on defendants' motions for summary judgment dated July 7, 1988, wherein the trial court granted defendants-appellees', W.R. Grace Company, United States Gypsum Company and Owens-Corning Fiberglass Corporation (Defendants'), respective motions for summary judgment.

Plaintiff's second amended complaint filed August 27, 1985, alleged in six counts that Mr. Henderson died at the age of 41, leaving Mrs. Henderson and three adult children and one dependent minor child. The alleged cause of Mr. Henderson's death was exposure to harmful asbestos fibers throughout his 18 years of employment as a janitor at Edison School in the Pekin grade school district. Said exposure resulted in Mr. Henderson fatally suffering from a form of cancer known as "on-oat-cell carcinoma." The second amended complaint also alleged that each defendant knew or should have known that asbestos fibers were harmful to human health and carcinogenic, and each defendant was negligent in failing to warn of the harmful effects of its asbestos products and in failing to test its products prior to distribution.

Defendants responded, before answering Plaintiff's second amended complaint, by filing respective motions for summary judgment. After numerous continuances and opportunities to file affidavits, hearing was had on the motions on February 13, 1987, resulting in summary judgment in favor of all defendants being granted by order dated March 19, 1987. The primary reason for the trial court's de-

was Plaintiff "failed to file depositions or affidavits showing a connection between asbestos and the descendent's [sic] death," and failing to do so, "[t]he court must accept the uncontradicted fact that decedent's death was due to lung cancer caused by cigarette smoking."

Plaintiff, thereafter, filed a motion to vacate summary judgment on April 8, 1987, supported with affidavits and memorandum. Defendants duly responded and hearing was held on May 15, 1987, wherein the court granted Plaintiff's motion to vacate the order dated March 10, 1987. It was further ordered, however, that additional hearings on defendants' motions for summary judgment were to be held within 42 days, with the parties granted leave to file additional materials supporting their respective positions. It is clear that after the order of March 10, 1987, was vacated, the primary focus of defendants' motions concerned the issue of product identification.

Hearings on defendants' motions were next held on September 25, 1987, wherein the cause was continued to December 4, 1987, and plaintiff was granted leave to file any materials on or before November 25, 1987. The record also reflects that on September 25, 1987, W. R. Grace's attorney filed plaintiff's answers to defendants' consolidated interrogatories.

Plaintiff subsequently filed the affidavits of Donald D. Mulch II (Mulch), James R. Millette (Millette) and Darrell Becker (Becker). Mulch's affidavit stated that as part of his duties as director of operations of the Pekin Grade School Board of Education he was the custodian of various records pertaining to the construction of Edison School, and he had examined a copy of the bids and specifications for the construction of Edison School. He further stated the specifications required the use of "Zonolite" acoustical plaster or an approved equal and Zonolite is a brand name for a W. R. Grace Company product. He also indicated the school district requires all structures be constructed according to specifications unless a written agreement is entered to the contrary. Millette's affidavit stated that he is the director of services for McGrone Environmental Services, Inc., and that it is possible to determine the probable manufacturer of a sample of asbestos-containing building material if provided with the manufacturer's formula for the product. Becker's affidavit stated he had examined "Sweet's" catalog file of products for general building and renovation published by McGraw-Hill, which contained a listing for "Zonolite Masonry products." The catalog entry for Zonolite stated it was a registered trademark of W. R. Grace Company.

Hearing was finally held on defendants' motions on January 15, 1987, and taken under advisement. On July 7, 1988, the trial court

again granted all defendants' motions for summary judgment on the basis that plaintiff "failed to show sufficient ability to present evidence on the issue of product identification *** [and] *** [i]n the absence of such showing, no other facts are material and the defendants are entitled to judgment as a matter of law."

The only issue presented for review is whether the trial court erred in granting defendants' motions for summary judgment.

■■ Section 2—1005(b) of the Illinois Code of Civil Procedure states "[a] defendant may, at any time, move with or without supporting affidavits for a summary judgment in his or her favor as to all or any part of the relief sought against him or her." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(b).) Moreover, "[t]he judgment sought shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).

Defendants' motions for summary judgment were supported only by plaintiff's answers to defendants' consolidated interrogatories wherein plaintiff failed to identify any brand or trade name of the asbestos containing products to which the decedent was exposed. Defendants' respective motions also alleged that there were no facts upon which to base a claim that the decedent was exposed to breathing asbestos fibers from products furnished by them.

■■ ■ Plaintiff's primary argument is that defendants have not refuted by affidavit or exhibit any allegations in the second amended complaint that defendants were the manufacturers of the products allegedly causing decedent's death. Plaintiff, therefore, maintains the allegations of the second amended complaint establish a *bona fide* issue of material fact regarding product identification. It is generally true that if a motion for summary judgment is unsupported by evidentiary facts, the plaintiff may rely on the allegations of the complaint to raise genuine issues of fact. (*Komater v. Kenton Court Associates* (1986), 151 Ill. App. 3d 632, 502 N.E.2d 1295; *Cato v. Thompson* (1980), 83 Ill. App. 3d 321, 403 N.E.2d 1239.) In this case, however, defendants submitted plaintiff's answers to interrogatories as evidentiary facts supporting their respective motions. Illinois case law clearly allows answers to interrogatories to be treated as affidavits for summary judgment purposes (*Komater*, 151 Ill. App. 3d 632, 502 N.E. 2d 1295; *Cato*, 83 Ill. App. 3d 321, 403 N.E. 2d 1239), which, if uncontradicted, stand as admitted (*Komater*, 151 Ill. App. 3d 632, 502 N.E. 2d 1295; *Kellerman v. Mar-Rue Realty & Builders, Inc.* (1985),

132 Ill. App. 3d 300, 476 N.E. 2d 1259; *Colwell Systems, Inc. v. Henson* (1983), 117 Ill. App. 3d 113, 452 N.E. 2d 889). Allegations of a complaint alone are insufficient to contradict evidentiary facts supporting a motion for summary judgment as those allegations merely purport to establish *bona fide* issues of fact. (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 272 N.E. 2d 497.) Thus, two underlying questions are presented. First, does plaintiff's answer to defendants' interrogatory affirmatively state facts contradicting the allegations of plaintiff's second amended complaint, and second, if the answer to the first question is yes, do the affidavits filed by plaintiff create a genuine issue of material fact as to product identification.

In *Komater v. Kenton Court Associates*, the court stated that a movant for summary judgment cannot prevail merely by pointing out deficiencies of an opponent's answer to interrogatory, but must affirmatively set forth facts supporting the allegations of the motion. (*Komater*, 151 Ill. App. 3d 632, 502 N.E. 2d 1295.) The answers to interrogatories in *Komater* failed to set forth all facts necessary to establish an enforceable contract. The court determined that although these deficiencies were admitted for purposes of the motion because of the lack of counteraffidavits, movant was not entitled to judgment as a matter of law. (*Komater*, 151 Ill. App. 3d 632, 502 N.E. 2d 1295.) We do not dispute the result in *Komater*, but believe it distinguishable from the present case. In the present case, failure of plaintiff to identify any product of defendant to which the decedent was exposed goes beyond a mere deficiency, but is a central and necessary element of plaintiff's case.

Substantially similar to the present case is the United States Supreme Court decision of *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548. In *Celotex*, the petitioner noted that respondent failed to identify any witness who could testify about the decedent's exposure to asbestos, despite being specifically requested to do so in answering interrogatories. The Court stated that Rule 56(c) of the Federal Rules of Civil Procedure provides for the granting of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (*Celotex*, 477 U.S. at 322, 91 L. Ed. 2d at 273, 106 S. Ct. at 2552-53.) Moreover, a movant may properly rely on answers to interrogatories without need for affidavits to support a motion and "the burden on the moving party may be discharged by 'showing'—that is, pointing

out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325, 91 L. Ed. 2d at 275, 106 S. Ct. at 2554.

■ Rule 56 of the Federal Rules of Civil Procedure is substantially similar to section 2—1005 of the Illinois Code of Civil Procedure excepting the inclusion of "answers to interrogatories" among the considerations in Rule 56. As previously indicated, however, Illinois case law allows for the use of answers to interrogatories, and thus, the *Celotex* decision based on Rule 56 is persuasive. In short, plaintiff's answer to defendants' interrogatory regarding plaintiff's inability to identify any of defendants' products, if left uncontradicted, is a sufficient basis for the trial court to grant summary judgment.

■ The affidavits filed by plaintiff purporting to contradict plaintiff's answer to defendants' interrogatory clearly fail to identify any product of defendants Owens-Corning Fiberglass Corporation and United States Gypsum Company. As to W. R. Grace Company, the affidavits state that Zonolite or an approved equal was required in the construction of Edison School, that Zonolite is a W. R. Grace product and that the school district insists on compliance with specifications. Moreover, affiant Millette indicates that if provided with the formula for defendants' product, he could compare those formulas with samples from the school to determine whether defendants' products were present in the samples. Plaintiff's allegations fail to create a genuine issue for two reasons. First, the affiants fail to state whether Zonolite, as opposed to an approved equal, was actually used in the construction at Edison School. Second, stating that the probable manufacturers can possibly be determined, if the information is provided, is not sufficient to affirmatively state that any of defendants' products were present in the school.

■ Plaintiff also makes mention that defendants ought to know whether or not their products were used in construction of Edison School, but nowhere do they deny said products were present. It is not, however, defendants' burden to come forth and voluntarily provide plaintiff with the results of any tests concerning samples at the school. It is plaintiff's responsibility to use discovery methods and obtain this knowledge to substantiate an element of the cause of action. Additionally, this case is three years old, and the issue of product identification arose no later than May 15, 1987; therefore, any claim that plaintiff was without sufficient time to conduct discovery is without merit. Through the use of discovery, plaintiff ought to have been able to procure the formulas for defendants' asbestos products, and if a delay arose in obtaining this information, plaintiff could have se-

cured continuances on the motions for summary judgment until such information was disclosed. In fact, plaintiff has made no claim that it was without sufficient time to conduct full discovery.

Plaintiff need not prove its case at the summary judgment stage, but must at least come forward with enough evidence to adequately create a genuine issue of material fact. Plaintiff was unable, and thus, the decision of the trial court is affirmed.

Affirmed.

HEIPLE and BARRY, JJ., concur.