J. WILLIAM HOLLAND, Trustee in Bankruptcy for the Estate of American Reserve Corporation, Plaintiff-Appellant, v. ARTHUR ANDERSEN AND COMPANY, Defendant-Appellee.

First District (4th Division)   No. 1—90—0949

Opinion filed March 28, 1991.—Rehearing denied May 10, 1991.

646

Ross & Hardies and Beigel & Sandler, Ltd., both of Chicago (William P. O'Keefe, Jr., Jeffery M. Cross, Leslie D. Locke, Herbert Beigel, and Philip Fertik, of counsel), for appellant.

Burke, Wilson & McIlvaine, of Chicago (Charles W. Boand, Robert F. Forrer, Quintin F. Seamons, and Christopher C. Dickinson, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, J. William Holland, trustee in bankruptcy for the estate of American Reserve Corporation (ARC), appeals from a summary judgment order entered in favor of the defendant, Arthur Andersen & Co. On appeal, the plaintiff contends that the circuit court erred in granting the defendant's summary judgment motion because there remains a genuine issue of material fact as to the existence of any damages sustained by ARC.

This is the second time this case has come before this court. In the first appeal, the plaintiff sought reversal of a circuit court order dismissing the plaintiff's complaint for failure to state a cause of action. On appeal this court reversed the circuit court on five of the six counts of the complaint and ruled that as of the pleading stage of the litigation, ARC had standing to assert the causes of action alleged in its complaint. (*Holland v. Arthur Andersen & Co.* (1984), 127 Ill. App. 3d 854, 469 N.E.2d 419.) As of the instant appeal, the parties have moved beyond the pleading stage of the litigation to a determination of whether the plaintiff has come forward with evidence of damages to ARC such that there is a genuine issue of material fact under which the parties may advance to a full trial. We do not believe that there exists a genuine issue of material fact as to damages. We therefore affirm the ruling of the trial court.

American Reserve Corporation (ARC) is a bankrupt holding company. Two of ARC's subsidiaries, American Reserve Insurance Company and Reserve Insurance Company, property and casualty insurance companies, were declared insolvent, placed in receivership, and finally liquidated in 1979. Another ARC insurance subsidiary, Market Insurance Company, was placed into rehabilitation and also subsequently liquidated. In 1980, ARC filed for chapter 11 reorganization. The reorganization proceeding was converted to a chapter 7 liquidation proceeding and J. William Holland was appointed as trustee.

As trustee in bankruptcy for ARC, J. William Holland brought suit in 1982 in the circuit court of Cook County against the defendant, Arthur Andersen & Co., ARC's former accountant. The plaintiff alleged that misleading financial statements and unqualified opinions issued by the defendant about ARC's financial condition had dam-

aged ARC. The complaint contained six counts of common law fraud and breach of contract alleged against the defendant. Arthur Andersen moved to dismiss the complaint for failure to state a cause of action. (Ill. Rev. Stat. 1983, ch. 110, par. 2—615.) The circuit court granted the defendant's section 2—615 motion, and the plaintiff appealed the dismissal to this court in *Holland v. Arthur Andersen & Co.* (127 Ill. App. 3d 854, 469 N.E.2d 419). As noted above, this court reversed the circuit court on five counts, affirmed the court on one count and remanded the case to the trial court.

As part of the appeal in *Holland v. Andersen*, it was necessary for this court to consider whether the trustee, J. William Holland, had standing to assert the causes of action outlined in the complaint. Arthur Andersen argued that the claims the plaintiff was seeking to bring were claims which in fact belonged to third-party creditors and shareholders, for which the plaintiff lacked standing to sue. This court determined that as of the pleading stage of the litigation, the plaintiff's allegations that various members of ARC, its "audit committee, investors, creditors and others," were prevented from taking action on behalf of ARC because of Andersen's misconduct, were sufficient to maintain a cause of action belonging to ARC. *Holland v. Andersen*, 127 Ill. App. 3d at 862, 469 N.E.2d at 424.

In 1985, the plaintiff refiled its complaint. The refiled complaint is identical to the original complaint except for the omission of the one count whose dismissal this court upheld in *Holland v. Andersen*. In the complaint, the plaintiff asserted that the defendant was liable to ARC in that had ARC's audit committee, investors, creditors, and others relying on Andersen's opinion, known the true financial disposition of ARC, they could have, among other things, replaced management personnel, sought independent actuarial counseling, instituted procedures to prevent ARC's subsidiaries from becoming insolvent, sought additional capital to eliminate the insolvency of ARC or any of its insolvent subsidiaries, and prevented ARC from engaging in further bad business or encumbering further debt. The plaintiff further alleged that ARC was damaged as a result of Andersen's actions because ARC's principal insurance subsidiaries ultimately were liquidated and ARC lost substantial assets. The plaintiff subsequently characterized the pleadings as in part setting forth a theory of ARC's "deepening insolvency."

In response to the plaintiff's refiled complaint, the defendant filed an answer denying each allegation of injury to ARC. The defendant also propounded interrogatories to the plaintiff. Defend-

ant's interrogatory No. 3 requested the plaintiff to respond as follows:

> "Describe each category of damages you contend ARC sustained as a result of the liquidation of Reserve and of each of its subsidiaries, and state the amount of damages as to each such category. Include a detailed description of the method by which each category of damages was determined or calculated and set forth the calculation as to each category."

In answer to interrogatory No. 3, the plaintiff responded:

> "The subject-matter of the interrogatory is limited by its terms to damages 'ARC sustained as a result of the liquidation of Reserve and each of its subsidiaries.' Plaintiff does not contend that ARC's damages resulted solely from the 'liquidation' of Reserve *per se.* As Trustee in Bankruptcy of the Estate of ARC, plaintiff brought this action expressly on behalf of the Estate for the benefit of its creditors and understands the damages to each creditor to be based in part on the loss such creditor suffered as a result of the events leading up to and including the collapse and liquidation of Reserve."

The plaintiff went on to note three categories of ARC creditors as damaged: several banking institutions by name, holders of subordinated debentures, and trade creditors. The plaintiff stated that further investigation and analysis might reveal further damages, and also objected to the interrogatory on the basis that the plaintiff had not consulted a damages expert. The plaintiff reserved the right to do so. The plaintiff also stated that the answer to interrogatory No. 3 was incomplete in that not all of the information necessary was "known, determined or calculated" at the time of the plaintiff's response.

The defendant moved for a summary judgment on the basis that the plaintiff had failed to establish any genuine issue of material fact as to the existence of any compensable damages suffered by American Reserve Corporation. In support of the motion, the defendant referred to the plaintiff's answer to interrogatory No. 3 and argued that the only damages claimed by the plaintiff were those of ARC's creditors, claims for which ARC had no standing to pursue.

The plaintiff's response to the defendant's summary judgment motion rested on the allegations of the refiled complaint, the answers to the defendant's interrogatories, and copies of proofs of claims filed against ARC in bankruptcy court by La Salle National Bank and The Bank of California. La Salle National Bank alleged that ARC was indebted to La Salle in the sum of $3,567,262. The Bank of Cali-

fornia alleged an ARC debt in the amount of $2,234,426. The indebtedness to each of the institutions arose as a result of the issuance and sale by ARC in September of 1977 of certain of its notes. As one of the events leading up to ARC's default of payment, the banks noted the "false and misleading representation and statements in material respects, made by certain persons in connection with the issuance" of the notes. Following a hearing on the motion, the circuit court granted summary judgment in favor of the defendant. The plaintiff follows with this appeal.

■ The plaintiff's first argument is that our prior ruling on the issue of ARC's standing to sue in *Holland v. Andersen* (1984), 127 Ill. App. 3d 854, 469 N.E.2d 419, precludes a finding of summary judgment in favor of the defendant. We disagree. We do not view the defendant's motion for summary judgment as raising a purported failure of the plaintiff to plead damages in the complaint as the plaintiff argues. We view the defendant's summary judgment motion as an assertion, not of a defect in the pleadings, but rather, an argument that the plaintiff has failed to present any evidence of damages to ARC. This is not the same issue that we addressed in our prior ruling in *Holland v. Andersen.*

In the prior proceeding, Andersen, through a section 2—615 motion to dismiss, attacked the legal sufficiency of the plaintiff's complaint. (See *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.) This court determined that at that "stage of the litigation," ARC's allegations were sufficient to maintain causes of action belonging to ARC. (*Holland v. Andersen,* 127 Ill. App. 3d at 862, 469 N.E.2d at 424.) Upon reaching the summary judgment stage of these proceedings, we have moved beyond an examination of the sufficiency of the pleadings to a determination of whether there are any material issues of fact to advance to a full trial. (*Loyola Academy v. S&S Roof Maintenance, Inc.* (1990), 198 Ill. App. 3d 799, 556 N.E.2d 586, *leave to appeal granted* (1990), 133 Ill. 2d 559, 561 N.E.2d 693, citing *Janes v. First Federal Savings & Loan Association,* 57 Ill. 2d 398, 312 N.E.2d 605.) For the reasons outlined below, we believe that there are not. The plaintiff has failed to sufficiently contradict the factual basis for the defendant's motion for summary judgment. We must conclude that the plaintiff lacks the evidence to support the element of damages, an element essential to his case.

The plaintiff argues that in moving for a summary judgment, the defendant must set forth evidentiary facts which avoid every theory of recovery in the complaint (*Harris v. Bethlehem Steel Corp.* (1984),

124 Ill. App. 3d 449, 464 N.E.2d 634), and that in the present case the defendant has failed to negate the material issue of damages raised in the plaintiff's pleadings. The plaintiff asserts that the defendant's fact support for the summary judgment motion, interrogatory No. 3, did not address all of the damage theories the plaintiff has pleaded. Quoting from interrogatory No. 3, the plaintiff maintains that the interrogatory was limited to "damages *** 'ARC sustained as a result of the liquidation of Reserve.'" According to the plaintiff, the defendant has specifically failed to overcome the plaintiff's theory that ARC's own insolvency was deepened due to the defendant's fraud. Under the plaintiff's theory of deepening insolvency, ARC continued to sustain loss and incur debt it could have avoided had it known its true financial condition.

The plaintiff's further argument is that in order to support the summary judgment motion, the defendant must do more than simply point out deficiencies in the plaintiff's answer to an interrogatory. (*Komater v. Kenton Court Associates* (1986), 151 Ill. App. 3d 632, 502 N.E.2d 1295.) The defendant must set forth well-pleaded facts and supporting affidavits clearly establishing his right to judgment as a matter of law. The plaintiff also maintains that the response to interrogatory No. 3 actually contradicts the defendant's argument that ARC suffered no damages because the answer to the interrogatory is expressly incomplete. The plaintiff points to those portions of the response in which the plaintiff stated: "Plaintiff does not represent or imply that his work on damages calculations and proof is complete. *** Plaintiff reserves his right to *** revise his damages theories in light of all pertinent facts and opinions. *** There may be additional elements of damages, which further investigation and analysis may reveal."

Finally, the plaintiff argues that even if the only damages pleaded are those damages suffered by ARC's creditors, the plaintiff has standing to pursue those claims, and therefore summary judgment in favor of the defendant was improper. We believe that the trial court properly granted the defendant's motion for summary judgment. In response to interrogatory No. 3, the plaintiff asserted claims of ARC creditors. We do not believe that the plaintiff may pursue the creditors' claims as those claims are personal to the creditors. As the plaintiff has failed to identify any other damage to ARC, summary judgment is in order.

■ The plaintiff's failure to provide any evidence of a material issue of fact as to damages to ARC goes beyond a mere deficiency in its interrogatory response. The plaintiff has failed to provide any

support for what is a central and necessary element of its case. (See *Estate of Henderson v. W.R. Grace Co.* (1989), 185 Ill. App. 3d 523, 541 N.E.2d 805.) Upon the defendant's motion for summary judgment, the plaintiff has an affirmative duty to bring forth all facts and evidence that satisfy his burden of proving the existence of a cognizable cause of action. (*Golden v. Marshall Field & Co.* (1985), 134 Ill. App. 3d 100, 479 N.E.2d 1211.) While the plaintiff need not prove his case at this stage of the litigation, he must at least come forward with enough evidence to create a genuine issue of material fact. *Estate of Henderson*, 185 Ill. App. 3d 523, 541 N.E.2d 805.

■ We believe it is clear from the defendant's interrogatory No. 3 that the focus of the defendant's discovery was any legally cognizable damages to the plaintiff. In response to the interrogatory, the plaintiff identified only damages suffered by three classes of ARC creditors. Moreover, in neither the plaintiff's memorandum in opposition to the defendant's motion, nor in response to the questioning of the circuit court during the hearing on the motion, did the plaintiff provide any further support for a theory of damages as to ARC. The copies of proofs of claims that La Salle Bank and The Bank of California have filed in bankruptcy court serve only to underscore the fact that these individual creditors have personal claims against ARC.

Further, we are not persuaded by the plaintiff's theory of ARC's deepening insolvency. In its opposition to the summary judgment memorandum, the plaintiff explained the "deepening insolvency" of ARC as follows: "The concealment of the deepened insolvency of ARC, and the deepened insolvency itself, resulting from Andersen's fraud, caused harm to ARC because, *inter alia*, its creditors, instead of taking action to save ARC (and thus their own loans), extended credit as late as September 1977, long after the actual date of insolvency." While the deepening insolvency theory may be one the courts have recognized (see *Schacht v. Brown* (7th Cir. 1983), 711 F.2d 1343, *cert. denied* (1983), 464 U.S. 1002, 78 L. Ed. 2d 698, 104 S. Ct. 508), the plaintiff's version of the theory appears to be no more than a restatement in different terms of the injuries suffered by ARC's creditors.

■ We also do not believe that the plaintiff can avoid a motion for summary judgment by alleging, as it did in response to interrogatory No. 3, that further evidence might be forthcoming, or that the testimony of an expert in damages might add to the plaintiff's response. The purpose of the summary judgment procedure is to avoid the needless expense and time of a full trial where there is no show-

ing that the plaintiff has even a *prima facie* case. (*Kimbrough v. Jewel Companies, Inc.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328.) In the present case, the defendant's interrogatories were propounded to the plaintiff eight years after the original complaint was filed. The plaintiff never asked for additional time for discovery on the issue of damages. The time for the plaintiff to establish the damages element of his case was at hand. To allow the plaintiff to avoid the summary judgment stage of these proceedings by alluding to some vague and possible future evidence would be contrary to the purposes of a summary judgment motion. See *Smalling v. La Salle National Bank* (1982), 104 Ill. App. 3d 894, 433 N.E.2d 713.

■■ We also reject the plaintiff's alternative argument that even if the only damages the plaintiff has pleaded are damages ARC's creditors have suffered, the plaintiff, because he has standing to bring the creditors' claims, has withstood the summary judgment challenge. The plaintiff does not dispute that a trustee in bankruptcy does not have standing to bring the "personal" claims of creditors: those causes of action where "the claimant himself is harmed and no other claimant or creditor has an interest in the cause." (*Koch Refining v. Farmers Union Central Exchange, Inc.* (7th Cir. 1987), 831 F.2d 1339, 1348, *cert. denied* (1988), 485 U.S. 906, 99 L. Ed. 2d 237, 108 S. Ct. 1077.) The plaintiff argues that the creditors' claims he seeks to bring in the present case are in the nature of "general" claims, those in which the liability is to all creditors without regard to the personal dealings of each.

For support, the plaintiff cites to cases in which bankruptcy trustees were held to have standing to prosecute creditors' claims. (*Koch Refining v. Farmers Union Central Exchange, Inc.* (7th Cir. 1987), 831 F.2d 1339; *In re Kaiser* (7th Cir. 1986), 791 F.2d 73, *cert. denied* (1986), 479 U.S. 1011, 93 L. Ed. 2d 710, 107 S. Ct. 655; *In re MortgageAmerica Corp.* (5th Cir. 1983), 714 F.2d 1266.) By the plaintiff's own admission, these cases involved either the fraudulent conveyance of an entity's assets wherein the trustee is empowered by statute to assert the creditors' claims or situations in which the trustee on behalf of the creditors pierced the corporate veil to retrieve assets to be rightfully distributed amongst the creditors in general. These are not the circumstances of this case.

We accept the plaintiff's distinction between personal and general claims of creditors. However, we believe that in the present case the plaintiff's proof of damages goes only to creditors' claims properly classified as personal. This case presents a situation similar to that in *Begier v. Price Waterhouse* (E.D. Pa. 1987), 81 Bankr. 303. In *Be-*

*gier*, a trustee brought an action against the debtor's former accountant alleging that creditors had been injured when they relied on financial statements and unqualified opinions of the debtor's accountants in making financial decisions. The Eastern District Court of Pennsylvania ruled that the creditors' claims were personal to the creditors, requiring proof that each creditor received and relied on the information prepared by the defendant.

In the present case, the plaintiff has made allegations similar to those of the *Begier* trustee. The plaintiff has provided proofs of claims submitted by La Salle Bank and The Bank of California. These proofs indicate that ARC was indebted to two distinct institutions for two distinct amounts, claims that would require proof as to each creditor. We believe that the claims of these banks are personal in nature and not of the general type which the plaintiff is entitled to bring. In its answer to interrogatory No. 3, the plaintiff asserted that the damages for each of the three categories of creditors noted in its response were based on the amounts set forth in the proofs of claim filed by those creditors in ARC's bankruptcy proceedings. We have no reason to believe that the nature of these claims is different from the proofs of claims submitted by La Salle Bank and The Bank of California. In *Holland v. Andersen* (127 Ill. App. 3d 854, 469 N.E.2d 419), we stated that a liquidation trustee may pursue only those claims which belong to the estate of the debtor corporation. The only damages for which the plaintiff has provided evidence are those claims which belong personally to the creditors. As such, we believe that the circuit court properly granted the defendant's summary judgment motion. The circuit court's order is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.